UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| MAWULE TEPE, | ) | |
| | ) | 1:22-CV-00275-DCLC-CHS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 14, 2023, the Court stayed the above-captioned matter, along with four other lawsuits filed by *pro se* Plaintiff Mawule Tepe, in order to "facilitate the efficient disposition of the pending motions and to protect the parties from the burden of unnecessary or duplicative litigation" [Doc. 87, pg. 3]. The matter is currently before the Court on seven pending motions, each of which are ripe for review.[1] For the reasons that follow, this action is **DISMISSED**.

**I.   BACKGROUND**

Tepe has filed ten lawsuits since 2019—seven in this Court[2] and three in the Circuit Court for Bradley County, Tennessee ("Bradley County") which were subsequently removed to this

---

[1]   Tepe has waived opposition to the relief sought in the majority of motions filed by the defendants in this action by failing to respond. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

[2]   *See Tepe v. Whirlpool Customer Experience Center, et al.*, 1:19-CV-158 (E.D. Tenn. May 24, 2019); *Tepe v. Javitch Block, LLC, et al.*, 1:21-CV-40 (E.D. Tenn. Mar. 3, 2021); *Tepe v. Bank of America, et al.*, 1:22-CV-111 (E.D. Tenn. May 9, 2022); *Tepe v. Bank of America*, 1:22-CV-231 (E.D. Tenn. Sep. 9, 2022); *Tepe v. Nelson, et al.*, 1:22-CV-252 (E.D. Tenn. Oct. 5, 2022); *Tepe v. McDonough, et al.*, 1:22-CV-264 (E.D. Tenn. Oct. 18, 2022); *Tepe v. United States*, 1:22-CV-275 (E.D. Tenn. Nov. 8, 2022).

Court.³ Each of the lawsuits in some way relate to Tepe's former employment with Whirlpool Corporation or claims regarding Bank of America's efforts to collect a credit card debt owed by Tepe. The two disputes, however, have "snowballed" over the past four years into claims against the law firms and attorneys representing Whirlpool and Bank of America and the judges who have presided over the cases.⁴

In this action, Tepe sued the United States, Senior United States District Judge Curtis L. Collier (presiding judge over the Bank of America cases), United States District Judge Katherine A. Crytzer (presiding judge over the Whirlpool cases), and United State Magistrate Judge Susan K. Lee (the magistrate judge assigned to each of Tepe's cases) ("the Federal Defendants"); along with Whirlpool Corporation, management personnel Patton Musick, Mark Jones, Dakia Taylor, and Monica J. Culpepper, Whirlpool's attorney Lucille Lattimore Nelson, and the firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("the Whirlpool Defendants"); and Bank of America, attorney Emily Louise Nenni, and the law firm Javitch Block, LLC ("Bank of America Defendants").

Tepe alleges that each of the named defendants conspired to obtain orders and judgments to have his cases dismissed, deprived him of his right to procedural due process, discriminated against him based on race, and intentionally inflicted emotional distress [*See generally* Doc. 1]. He seeks damages, an order setting aside all unsigned orders and judgments in each of the

---

³ *See Tepe v. Whirlpool Corporation, et al.*, 1:20-CV-332 (E.D. Tenn. Dec. 2, 2020); *Tepe v. Whirlpool Corporation*, 1:22-CV-136 (E.D. Tenn. May 25, 2022); *Tepe v. Bank of America, N.A., et al.*, 1:22-CV-261 (E.D. Tenn. Oct. 14, 2022).

⁴ In an unrelated matter, Tepe attempted to sue the undersigned as well the Department of Justice, the entire Eastern District of Tennessee, and others but because Tepe had not complied with the Court's order requiring pre-suit approval, the Court struck the complaint from the docket. *See Tepe v. Truist Financial Corporation*, 1:23-CV-93, Doc. 35 (E.D. Tenn. May 16, 2023).

Whirlpool and Bank of America cases, pre- and post-judgment interest, his litigation expenses, immediate recusal of Judge Crytzer, Judge Collier, and Judge Lee, a hearing to address any ties, financial or otherwise, between the named defendants, and "appointment of a Judge who would uphold laws and U.S. Constitution in judging" his cases [Doc. 1, pgs. 25–26].

Shortly after commencement of this action, each of Tepe's lawsuits were reassigned to Chief United States District Judge Travis R. McDonough. In an attempt to rein in Tepe's pattern of prolific filing and get his pending cases back on track, Judge McDonough resolved numerous nondispositive motions pending across each of the cases, selected a trial date for the outstanding claims, and ordered Tepe to substantively respond to various dispositive motions [Doc. 73]. Additionally, due to Tepe's propensity to prolifically file lawsuits collaterally attacking prior unsuccessful suits, Judge McDonough permanently enjoined Tepe from filing any new lawsuit in this Court without permission [Doc. 74].

Thereafter, Tepe moved for Judge McDonough to recuse pursuant to 28 U.S.C. §§ 144 and 455 [Doc. 76]. When that motion was denied [*See* Doc. 77], Tepe filed a notice informing that he had filed a motion to amend his pending appeal in one of his other cases in order to appeal the Court's latest rulings and moved for a stay of all deadlines while waiting on the Sixth Circuit's decision [Doc. 78]. Because Tepe had "indicated that his proposed amendments to his appeal [were] based on the same frivolous arguments he advanced in this Court[,]" Judge McDonough denied the motion to stay [Doc. 79].

Dissatisfied, Tepe filed a Notice of Appeal as to the denial of his motion to recuse [Doc. 80]. The Sixth Circuit ultimately dismissed the appeal due to lack of jurisdiction [Docs. 83, 84]. However, during the pendency of the appeal, Tepe amended his Complaint in one of his other pending lawsuits to include claims against, among others, Judge McDonough, the Department of

Justice, and the United States [1:22-CV-264, Doc. 35]. Consequently, Judge McDonough recused from each of Tepe's pending lawsuits and the cases were reassigned to the undersigned [*See* Doc. 86] and stayed until further order of the Court [Doc. 87]. The Court, now having had a sufficient opportunity to review this matter, will address each of the pending motions in this matter.

## II. DISCUSSION

Pending before the court are the defendants' motions to dismiss [Docs. 6, 8, 35, 67], Tepe's motion to voluntarily dismiss the United States [Doc. 50] and motion to strike the motion to dismiss filed by Javitch Block, LLC ("Javitch Block") and Emily Nenni ("Nenni") [Doc. 32], and the Federal Defendants' Motion to Quash and Motion to Stay Discovery [Doc. 65]. Each of the foregoing motions are addressed in turn.

### A. Motion to Voluntary Dismiss the United States

Tepe filed a notice informing the Court that he no longer wishes to pursue the claims asserted in this action against the United States [Doc. 50]. Thus, he seeks to drop the United States as a party to this action without prejudice, pursuant to Fed.R.Civ.P. 21 [*Id.*]. Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21. Considering the lack of opposition by the parties, Tepe's motion [Doc. 50] is well-taken and **GRANTED**. All claims against the United States are **DISMISSED WITHOUT PREJUDICE**.

### B. Motion to Strike

Tepe moves to strike Nenni and Javitch Block's Motion to Dismiss [Doc. 6] based upon the assertion that they acted with bad faith, dishonesty, and fraud by making false statements and committing perjury [Doc. 32]. However, the majority of the alleged acts of bad faith involve Nenni and Javitch Block's purported failure to confer with Tepe prior to filing dispositive motions in

4

prior cases. Regardless of what may or may not have occurred in prior actions, the allegations bear no relation to the instant action. In this action, Javitch Block and Nenni filed their Motion to Dismiss prior to the Court's Order detailing the meet and confer requirements [Doc. 12]. Thus, the parties were not obligated to meet and confer with Tepe prior to filing the motion.

Tepe also devotes a significant portion of his motion to attacking the Court's prior orders and judgments. He asserts that, to the extent the Motion to Dismiss relies on rulings in prior actions, it is meaningless because the orders and judgments are void [Doc. 32, ¶¶ 31, 32]. The Court has since addressed Tepe's concerns regarding the validity of the referenced orders and judgments and denied his motion in which he sought to set those orders and judgments aside [*See* Doc. 73, pgs. 4–5]. Thus, Tepe's motion to strike [Doc. 32] is **DENIED**.

C. **Motion to Quash and Motion to Stay**

The Federal Defendants move to quash the subpoenas issued by Tepe on December 22, 2022, in which he requested that Judge Collier, Judge Crytzer, and Judge Lee produce their oaths of office, foreign registration and anti-bribery statement, and bonds [Docs. 60, 63, 64] and that the Clerk's Office produce the same along with the certificates of admission for each of the attorneys appearing in his lawsuits [Doc. 62]. As the Federal Defendants point out, Plaintiff's requests for discovery are premature. *See* Fed.R.Civ.P. 26(d). Even so, Plaintiff's requests are outside the scope of discovery. Discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed.R.Civ.P. 26(b)(1); *see* Fed.R.Civ.P. 45, Advisory Committee Notes (1970) ("The scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). The documents requested by Tepe are neither relevant to his claims in the instant matter nor proportional to the needs of the case. Accordingly, the Federal Defendants' motion [Doc. 65] is **GRANTED**.

5

### D. Motions to Dismiss

Turning to the dispositive motions, Defendants each move to dismiss Tepe's Complaint on similar grounds. The Whirlpool Defendants and the Federal Defendants move to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(5) for insufficient service of process [Docs. 8, 67]. The Bank of America Defendants, Whirlpool Defendants, and Federal Defendants also each move to dismiss Tepe's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) due to the failure to state a claim upon which relief may be granted [Docs. 6, 8, 35, 67]. Considering the Court "may not exercise personal jurisdiction over a named defendant" in the absence of proper service of process, *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012), the Rule 12(b)(5) motions are addressed first.

#### 1. Insufficient Service of Process

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. In general, "[a] summons must be served with a copy of the complaint" and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed.R.Civ.P. 4(c). If the plaintiff fails to properly serve a defendant "within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). The time for service must be extended, however, "if the plaintiff shows good cause for the failure[.]" *Id*. The Whirlpool Defendants and the Federal Defendants each move for dismissal due to Tepe's failure to properly effectuate service in accordance with Rule 4.

##### i. Whirlpool Defendants

Tepe purportedly served the Whirlpool Defendants on November 8, 2022 via email to Lucille Lattimore Nelson ("Nelson") and counsel for the Whirlpool Defendants William Rutchow [Docs. 18, 20, 21, 23–26]. On November 17, 2022, Tepe returned executed summonses stating

6

that he personally served each of the Whirlpool Defendants "[e]lectronically pursuant to T.R.C.P. Rule 5.02 upon the counsel of the defendant" [*Id.*]. In relevant part, individuals and business entities served within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed.R.Civ.P. 4(e), (h)(1).

Here, Tepe indicates that he intended to serve the Whirlpool Defendants, both the individuals and business entities, in accordance with state law—namely, Tennessee Rule of Civil Procedure 5.02. However, as the Whirlpool Defendants suggest, Tepe's reliance on Tenn.R.Civ.P. 5.02 is misplaced. While Rule 5.02, in a literal sense, allows service via email to a party's attorney, Rule 5 governs service of pleadings "subsequent to the original complaint" and other papers such as motions, notices, appearances, demands, etc. *See* Tenn.R.Civ.P. 5.01. Rule 4, rather than Rule 5, governs formal service of process and does not provide for service via email to a defendant's attorney. *See* Tenn.R.Civ.P. 4.04. Moreover, even assuming that service via email was acceptable, "the mere attorney-client relationship between a defendant and his attorney does not, in itself, convey the specific authority necessary for the attorney to receive service of process on the defendant's behalf." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 930 (E.D. Tenn. 2002). By serving their attorney, Tepe failed to properly serve the Whirlpool Defendants.

### ii. Federal Defendants

Tepe purportedly served the United States via certified mail to both the United States Attorney's Office in Chattanooga, Tennessee, and Judge McDonough's chambers at the United States Courthouse in Chattanooga [Doc. 16]. Tepe also mailed copies of the Complaint and Summonses for Judge Collier, Judge Crytzer, and Judge Lee via certified mail to their respective offices in Chattanooga and Knoxville [Docs. 27–29]. Although the United States has been

7

voluntarily dismissed from this action, service upon the United States is relevant to the determination of whether service was proper as to the remaining Federal Defendants.

To serve the United States, a plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and send the summons and complaint via registered or certified mail "to the Attorney General of the United States at Washington, D.C." Fed.R.Civ.P. 4(i)(1). With respect to an officer or employee of the United States sued in their official capacity, a plaintiff must serve both the United States and the officer or employee. Fed.R.Civ.P. 4(i)(3). Here, Tepe did not serve the Attorney General [Doc. 68, pg. 8]. It is clear from Rule 4(i) that service upon the Attorney General is necessary to properly serve both the United States and federal district judges. *See Walker v. Donahoe*, 528 F. App'x 439, 440 (6th Cir. 2013). Due to the failure to serve the Attorney General, Tepe's attempted service on the Federal Defendants is insufficient.

Considering substantially more than 90 days have passed since the Complaint was filed and in light of Tepe's failure to show good cause for the lack of proper service or otherwise respond in opposition to the instant motions, dismissal without prejudice is appropriate under Rule 4(m). Accordingly, the motions to dismiss [Docs. 8, 67] are **GRANTED** to the extent they seek dismissal pursuant to Fed.R.Civ.P. 12(b)(5), and the claims against the Whirlpool Defendants and the Federal Defendants are **DISMISSED WITHOUT PREJUDICE**.

2. **Failure to State a Claim**

Considering Tepe's failure to serve the Whirlpool and Federal Defendants, the Court will only address Rule 12(b)(6) motions of the Bank of America Defendants.[5] Nenni and Javitch Block

---

[5] "In the absence of 'proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant' . . . [a]nd without personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *Boulger v. Woods*, 917 F.3d 471, 476

8

move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Tepe's Complaint on various grounds, including that the claims asserted are implausible and the Complaint is an impermissible shotgun pleading [Docs. 6, 7]. Similarly, Bank of America filed a separate motion to dismiss Tepe's claims against it pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Tepe's allegations are factually insufficient to state any claim upon which relief may be granted and the Complaint fails to place Bank of America on notice of the specific allegations against it [Docs. 35, 36].

A motion to dismiss under Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff and accept its factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). To survive dismissal, the plaintiff must allege facts that are sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and dismissal is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Tepe asserts four causes of action against the Bank of America Defendants—(1) civil conspiracy; (2) deprivation of civil rights and unfair procedural due process or unfair court process under 42 U.S.C. § 1983; (3) discrimination in violation of 42 U.S.C. § 1981; and (4) intentional infliction of emotional distress ("IIED") [Doc. 1]. The first three causes of action rely on the general allegation that the Defendants "conspired with someone in the judicial system to obtain

---

(6th Cir. 2019) (citation omitted). Considering the Whirlpool and Federal Defendants were never properly served, the Court cannot proceed to the merits of the claims against those defendants.

9

judgments or orders in their favor" and "took overt acts to forge Judge(s) signatures on judgments." [Doc. 1, ¶¶ 75, 80, 84].  The final claim, IIED, is based on the assertion that the Defendants engaged in the aforementioned conspiracy with intent to cause Tepe severe emotional distress [*Id*. at ¶¶ 86–92].  Even construing the allegations contained in the Complaint in the light most favorable to Tepe, each cause of action fails to state a claim to relief that is plausible on its face.

Tepe's entire Complaint hinges on the assertion that Defendants conspired with someone to obtain favorable orders and judgments by forging the presiding judge's signature.  However, he provides no factual allegations to support this assertion.  Tepe merely speculates that because the majority of his motions were denied and his Complaints in each of his actions were dismissed, someone forged the judicial signature and conspired to have his lawsuits dismissed.  "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).  Tepe has failed to allege any facts that raise a right to relief beyond the speculative level and none of his allegations state a claim that is plausible on its face.

In fact, the allegations are so "implausible, attenuated, unsubstantial, frivolous, [and] devoid of merit" that the claims arguably divest the Court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  Nonetheless, the Court finds that dismissal for failure to state a claim upon which relief can be granted is the best course of action in this case. *See id*. at 480 ("When a district court is faced with a complaint that appears to be frivolous or unsubstantial in nature, dismissal under Rule 12(b)(1) (as opposed to Rule 12(b)(6)) is appropriate in only the rarest of circumstances where, as in the present case, the complaint is deemed totally implausible."). Accordingly, the Bank of America Defendants' Motions to Dismiss [Docs. 6, 35] are **GRANTED**, and each of the claims against them are **DISMISSED WITH PREJUDICE**.

### III. CONCLUSION

For the reasons provided herein, it is hereby **ORDERED**:

1. Tepe's Motion of Nonsuit Dismissal against the United States [Doc. 50] is **GRANTED** and all claims against the United States are **DISMISSED WITHOUT PREJUDICE**;

2. Tepe's Motion to Strike Javitch Block and Nenni's Motion to Dismiss [Doc. 32] is **DENIED**;

3. The Federal Defendants' Motion to Quash and Motion to Stay Discovery [Doc. 65] is **GRANTED** to the extent the defendants seek to quash the subpoenas issued by Tepe and **DENIED AS MOOT** to the extent the parties seek to stay discovery in this matter, and the subpoenas directed to the Federal Defendants [Docs. 60, 62, 63, 64] are **QUASHED**;

4. The Whirlpool Defendants' Motion to Dismiss [Doc. 8] is **GRANTED**, and the claims against Whirlpool Corporation, Patton Musick, Mark Jones, Dakia Taylor, Monica J. Culpepper, Lucille Lattimore Nelson, and Ogletree, Deakins, Nash, Smoak & Stewart, P.C. are **DISMISSED WITHOUT PREJUDICE**;

5. The Federal Defendants' Motion to Dismiss [Doc. 67] is **GRANTED**, and the claims against Judge Collier, Judge Crytzer, and Judge Lee are **DISMISSED WITHOUT PREJUDICE**; and

6. The Bank of America Defendants' Motions to Dismiss [Docs. 6, 35] are **GRANTED**, and the claims against Bank of America, Javitch Block, LLC, and Emily Louise Nenni are **DISMISSED WITH PREJUDICE**. A separate judgment shall enter.

**SO ORDERED:**

_____
United States District Judge